UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

      Emmanuel Wassah,

                Debtor.
---------------------------------------------------------x
In re

      Emmanuel Wassah,

                Debtor.
---------------------------------------------------------x
In re

      Terrence O. Matthews,

                Debtor.
---------------------------------------------------------x
In re

      Terrence O. Matthews,

                Debtor.
---------------------------------------------------------x

Case No. 08-45174-CEC

Chapter 13

Case No. 08-47870-CEC

Chapter 13

Case No. 08-45175-CEC

Chapter 13

Case No. 08-47869-CEC

Chapter 13

<u>Decision Denying Debtors' Motions</u>

Appearances:

| | |
|---|---|
| Claret Hedo | Michael Macco, Esq. |
| 8805 80th Street | 135 Pinelawn Road |
| Woodhaven, New York 11421 | Suite 120 South |
| For Emmanuel Wassah and | Melville, NY 11747 |
| Terrence O. Matthews | Chapter 13 Trustee |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

These matters come before the Court on the motions of Emmanuel Wassah and Terrence O. Matthews to vacate the orders dismissing each of their two respective bankruptcy cases. For the following reasons, their motions are denied.

## Jurisdiction

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334 and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusion of law to the extent required by the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

## Background

I. Emmanuel Wassah

    A. First Case

On August 8, 2008, Emmanuel Wassah filed a voluntary petition under Chapter 13 of the Bankruptcy Code, commencing case no. 08-45174-CEC (the "First Wassah Case"). Although Mr. Wassah filed a list of creditors, he did not file any of the required bankruptcy schedules with his petition.

On August 25, 2008, Mr. Wassah requested, pursuant to Section 521(i)(3)[1], an extension of time to file the required schedules, lists, and documents, and an extension of time to file his credit counseling certificate, which was scheduled for a hearing on September 9, 2008, and then rescheduled to September 23, 2008.

---

[1] Unless otherwise specified, all statutory references are to the Bankruptcy Code, Title 11, U.S.C.

On September 10, 2008, the Clerk's Office docketed a notice informing Mr. Wassah of the filing deficiencies in the First Wassah Case. The notice was served on Mr. Wassah on September 12, 2008.

On September 22, 2008, the chapter 13 trustee (the "Trustee") filed a motion to dismiss the First Wassah Case because Mr. Wassah did not file a plan, statement of current monthly income and means test, complete set of schedules, or copies of pay statements, and because Mr. Wassah did not appear at the § 341 meeting of creditors, submit any monthly pre-confirmation payments, or provide the Trustee with required copies of tax returns and other mandatory documents. The trustee's motion was scheduled for a hearing on October 7, 2008.

The following day, on September 23, 2008, Mr. Wassah filed a certificate of credit counseling, schedules B, C, D, G, H, a declaration concerning the accuracy of those schedules, and a statement required by E.D.N.Y. Local Rule 1073-2(b). On that same date, the Court held a hearing on Mr. Wassah's motion for an extension of time to file the credit counseling certificate and the other required schedules, lists, and statement. Mr. Wassah did not appear, but Claret Hedo, who is not an attorney, appeared on his behalf, stating that she is his cousin. The Court adjourned the hearing to October 7, 2008, and directed Mr. Wassah to appear on that date.

On September 26, 2008, the Court issued an order directing the Clerk's Office to dismiss the First Wassah Case pursuant to § 521(i) (the "Automatic Dismissal Order"). The dismissal was effective as of September 22, 2008, the 46th day after the First Wassah Case was commenced.

On October 7, 2008, a hearing was held on the Trustee's motion. There was no appearance by or on behalf of Mr. Wassah at the hearing, and the trustee's motion was granted.

On October 10, 2008, the Court vacated the Automatic Dismissal Order because it was erroneously issued while Mr. Wassah's motion for an extension of time to file the required information was pending.

On October 21, 2008, the Court issued an order granting the Trustee's motion and dismissing the First Wassah Case (the "First Wassah Case Dismissal Order").

On November 14, 2008, Mr. Wassah filed a motion seeking vacatur of the First Wassah Case Dismissal Order, and he also re-filed schedules B, C, G, and H, which had been filed on September 23, 2008, and a declaration concerning the accuracy of those schedules. On December 9, 2008, a hearing was held on the motion, but there was no appearance by or on behalf of Mr. Wassah at the hearing, and the motion was marked off the Court's calendar.

On December 24, 2008, Mr. Wassah filed a second motion to reinstate the First Wassah Case and vacate the First Wassah Case Dismissal Order. The Trustee opposed this motion. On February 17, 2009, a hearing was held on the motion, but there was no appearance by or on behalf of Mr. Wassah, and it was marked off the Court's calendar.

On March 3, 2009, Mr. Wassah filed a motion seeking reconsideration of his previous motion to reinstate the First Wassah Case and vacate the First Wassah Case Dismissal Order. A hearing on the motion was held on March 26, 2009, but there was no appearance by or on behalf of Mr. Wassah, and the motion was marked off the calendar.

On April 3, 2009, Mr. Wassah filed another motion for reconsideration, and seeking to restore to the calendar the motion filed on March 3, 2009. On April 14, 2009, the Trustee filed an affidavit in opposition to the motion, and a cross-motion seeking $2,500 from Mr. Wassah and $2,500 from any party who helped Mr. Wassah in the preparation of the numerous motions,

as compensation for the legal work generated by those motions, on which there had been no appearance by or on behalf of Mr. Wassah. A hearing on the motions was held on June 24, 2009, but again there was no appearance by or on behalf of Mr. Wassah, and the Court denied Mr. Wassah's motion.

On that same date, Mr. Wassah filed schedules A through J, a summary of the schedules, statistical summary of certain liabilities, summary of schedules, pay statements[2], and statement of current monthly income and means test, but did not file the statement of financial affairs or a chapter 13 plan. He also filed another motion to vacate the First Wassah Case Dismissal Order and reinstate the First Wassah Case. The Trustee opposed the motion. A hearing on the motion was held on August 27, 2009, and Ms. Hedo appeared on Mr. Wassah's behalf in support of the motion. This decision addresses the issues raised by the motion.

On September 2, 2009, Mr. Wassah filed a motion to reopen the First Wassah Case pursuant to § 350(b) and Bankruptcy Rule 5010. A hearing on the motion is scheduled for October 21, 2009.

B. Second Case

On November 19, 2008, after the date Mr. Wassah filed his first motion to vacate the First Wassah Case Dismissal Order, but before the hearing on that motion, Mr. Wassah filed a second voluntary petition under chapter 13 of the Bankruptcy Code, commencing Case No. 08-47870-CEC (the "Second Wassah Case"). Mr. Wassah did not file any of the required

---

[2] The pay statements state that the name of the payee is Iddirisu Wassah. The Court notes that the last four digits of Iddirisu Wassah, as listed on the pay statements, are identical to the last four digits of Mr. Wassah, as listed on the petition.

documents or schedules with the petition, except for Exhibit D to the petition, a creditor matrix/list of creditors, and a credit counseling certificate.

On November 19, 2008, the Clerk's Office docketed an initial notice informing Mr. Wassah of the deficiencies in his second filing, which was served on him on November 21, 2008. On December 23, 2008, the Clerk's Office docketed a final notice informing Mr. Wassah of the numerous filing deficiencies. This notice was served on Mr. Wassah on December 25, 2008.

On January 5, 2009, Mr. Wassah filed a motion to extend his time to file the required documents, which was scheduled for a hearing on January 21, 2009.

On January 14, 2009, the Trustee filed a motion to dismiss the Second Wassah Case because of Mr. Wassah's failure to file a chapter 13 plan, statement of financial affairs, statement of current monthly income and means test, complete set of schedules, or copies of pay statements, or to provide the Trustee with copies of tax returns, mandatory disclosure documentation as required by E.D.N.Y. Local Bankruptcy Rule 2003-1, or pre-confirmation payments, and failure to appear at the § 341 meeting of creditors.

On January 22, 2009, a hearing was held on Mr. Wassah's motion for an extension of time to file his schedules and statements. Ms. Hedo appeared on Mr. Wassah's behalf, and the Court issued an order extending the time for Mr. Wassah to file the required schedules, lists, statements and other documents required pursuant to Bankruptcy Rule1007 and § 521(a)(1) to February 17, 2009. At the hearing, Ms. Hedo was informed that this was the last possible date to file schedules in the case to comply with the statutory deadline imposed by § 521(i). The extended deadline was not met; to date, the required documents have still not been filed in the Second Wassah Case.

On February 17, 2009, the Court held a hearing on the Trustee's motion to dismiss. There was no appearance by or on behalf of the Debtor at the hearing, and the Court granted the Trustee's motion, directing him to submit an order dismissing the Second Wassah Case.

On March 2, 2009, the Court directed the Clerk's Office to dismiss the Second Wassah Case pursuant to § 521(i) (the "Second Wassah Case Dismissal Order"). The dismissal became effective as of February 18, 2009, the 46th day after the commencement of the Second Wassah Case.

On March 3, 2009, Mr. Wassah filed a motion seeking reconsideration of the Trustee's motion to dismiss the Second Wassah Case. A hearing on this motion was held on March 24, 2009, but there was no appearance by or on behalf of the Debtor, and the motion was marked off the Court's calendar.

On April 3, 2009, Mr. Wassah filed a motion to restore to the calendar his motion to reconsider the dismissal of the Second Wassah Case. A hearing on this motion was held on June 24, 2009, and there was no appearance by or on behalf of Mr. Wassah. The Court denied this motion at the hearing.

On June 24, 2009, Mr. Wassah filed another motion to reinstate the Second Wassah Case. That same day, the Trustee filed an affidavit in opposition to the motion. A hearing on the motion was held on August 27, 2009, and Ms. Hedo appeared on Mr. Wassah's behalf in support of the motion. This decision addresses the issues raised in the motion.

On August 28, 2009, Mr. Wassah filed a motion to reopen the Second Wassah Case pursuant to § 350(b) and Bankruptcy Rule 5010. A hearing on the motion is scheduled for October 21, 2009.

II. Terrence O. Matthews

    A. First Case

On August 8, 2008, Terrence O. Matthews filed a voluntary petition under chapter 13 of the bankruptcy code, commencing Case No. 08-45175-CEC (the "First Matthews Case"). Aside from the creditor matrix/list of creditors and Exhibit D to the petition, none of the required schedules, lists, or statements were filed with the petition.

On August 14, 2008, the Court issued an order directing Mr. Matthews to show cause on September 10, 2008 why the First Matthews Case should not be dismissed for failing to comply with the credit counseling requirement imposed by § 109(h). Thereafter, on August 25, 2008, Mr. Matthews filed a motion to extend the time to file the required schedules, documents, and credit counseling certificate. A hearing on the motion was scheduled for September 10, 2008, and was adjourned to September 23, 2008.

On September 22, 2008, the Trustee filed a motion to dismiss the First Matthews Case because of Mr. Matthews's failure to provide and file a complete set of schedules, required documents, a chapter 13 plan, statement of currently monthly income and means test, and credit counseling certificate, and for his failure to appear at § 341 meeting of creditors and to submit monthly pre-confirmation payments.

On September 23, 2008, Mr. Matthews filed a credit counseling certificate, and the Court held a hearing on the Trustee's motion and on Mr. Matthews's motion for an extension of time to file the required documents. Ms. Hedo appeared on Mr. Matthews's behalf, and stated that she is Mr. Matthews's wife. The Court adjourned the hearing to October 7, 2008, and directed Mr. Matthews to appear at the next hearing. However, there was no appearance by or on behalf of

Mr. Matthews at the October 7, 2008 hearing, and the Court granted the Trustee's motion to dismiss the First Matthews Case, and Mr. Matthews's motion for an extension of time to file the required information was marked off the calendar.

On October 17, 2008, the Court issued an order granting the Trustee's motion and dismissing the First Matthews Case (the "First Matthews Case Dismissal Order").

On October 21, 2008, Mr. Matthews filed an affirmation in opposition to the Trustee's motion to dismiss the First Matthews Case.

On January 22, 2009, Mr. Matthews filed a motion to vacate the First Matthews Case Dismissal Order, and seeking authorization to file the required schedules and documents. A hearing on this motion was held on February 17, 2009, but there was no appearance by or on behalf of Mr. Matthews, and the Court marked this motion off the calendar.

On March 3, 2009, Mr. Matthews filed another motion to reinstate the First Matthews Case and to vacate the First Matthews Case Dismissal Order. This motion was marked off the Court's calendar on March 24, 2009.

On April 3, 2009, Mr. Matthews filed a third motion to reinstate the First Matthews Case and to vacate the First Matthews Case Dismissal Order. A hearing on this motion was held on June 24, 2009, but there was no appearance by or on behalf of Mr. Matthews, and the Court denied the motion.

On August 27, 2009, Mr. Matthews filed schedules A, B, C, D, G, and H. Mr. Matthews still has not filed schedules F, I or J, which are the list of unsecured creditors, and the schedules of the debtor's monthly income and expenses.

B. <u>Second Case</u>

On November 19, 2008, after Mr. Matthews filed his motion to vacate the First Matthews Case Dismissal Order, but before a hearing was held on that motion, Mr. Matthews filed a second voluntary petition under chapter 13 of the bankruptcy code, commencing Case No. 08-47869-CEC (the "Second Matthews Case"). Again, Mr. Matthews did not file any of the required schedules, statements, or lists, except for Exhibit D to the petition and a certificate of credit counseling.

On November 21, 2008, Mr. Matthews was served with the Clerk's Office's notice setting forth the deficiencies in his second bankruptcy filing, and on December 31, 2008, the Clerk's Office docketed a final notice of deficiencies, which was served on Mr. Matthews on January 2, 2009.

On January 5, 2009, Mr. Matthews filed a motion to extend the time to file the required schedules, documents, and lists, which was scheduled for a hearing on January 21, 2009.

On January 15, 2009, the Trustee filed a motion to dismiss the Second Matthews Case because of Mr. Matthews's failure to submit any monthly pre-confirmation payments, to provide the trustee with tax returns or other mandatory disclosures under E.D.N.Y. Local Rule 2003-1, to file a chapter 13 plan, statement of financial affairs, statement of current monthly income and means test, a complete set of schedules, or copies of pay statements, and to appear at the § 341 meeting.

At a hearing held on January 22, 2009, on Mr. Matthews's motion to extend the time to file the required schedules, documents, and lists, Ms. Hedo appeared on Mr. Matthews's behalf, and represented that she had the documentation in her possession to complete the necessary

filings. The Court granted the motion and issued an order extending the time for Mr. Matthews to file the required documents to January 22, 2009, and Mr. Matthews filed the statistical summary of certain liabilities, summary of schedules, schedules A, B, C, E, G, H, a declaration concerning the accuracy of the schedules, and a document in compliance with § 342(b).

On February 3, 2009, the Court issued an order directing the Clerk's Office to dismiss this case pursuant to § 521(i) because Mr. Matthews had not filed schedule D, F, I, J, and other required documents (the "Second Matthews Case Dismissal Order"). The dismissal was effective as of January 5, 2009, the 46th day after the commencement of the Second Matthews Case.

On March 3, 2009, Mr. Matthews filed a motion to vacate the Second Matthews Case Dismissal Order. A hearing on the motion was held on March 24, 2009, but there was no appearance by or on behalf of Mr. Matthews, and the motion was marked off the Court's calendar.

On April 3, 2009, Mr. Matthews filed a second motion to vacate the Second Matthews Case Dismissal Order. A hearing on the motion was held on June 24, 2009, but there was no appearance by or on behalf of Mr. Matthews, and the Court marked the motion off the calendar.

On June 24, 2009, Mr. Matthews filed a third motion to vacate the Second Matthews Case Dismissal Order. On June 29, 2009, the Trustee filed an affidavit in opposition to Mr. Matthews's motion. A hearing on the motion was held on August 27, 2009, and Ms. Hedo appeared on behalf of Mr. Matthews. At the hearing, Ms. Hedo also sought to vacate the First Matthews Case Dismissal Order. This decision addresses the issued raised in those motions.

On September 2, 2009, Mr. Matthews filed motions to reopen the First Matthews Case and the Second Matthews Case pursuant to § 350(b) and Bankruptcy Rule 5010, which are scheduled for hearings on October 21, 2009.

## Legal Standard

Section 350 of the Bankruptcy Code provides:

> (a)  After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

A bankruptcy case may only be reopened pursuant to § 350(b) if it is closed pursuant to § 350(a), after it is fully administered. Critical Care Support Servs. v. United States (In re Critical Care Support Servs.), 236 B.R. 137, 140 (E.D.N.Y. 1999).  As stated in Critical Care:

> [a] bankruptcy [case] is reopened under 11 U.S.C. § 350(b), not to restore the prebankruptcy status . . . but to continue the bankruptcy proceeding.  The word "reopened" used in Section 350(b) obviously relates to the word "closed" used in the same section.  In our opinion a case cannot be reopened unless it has been closed.  An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.

Id. at 141 (quoting Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.), 699 F.2d 963, 965 (9th Cir. 1982)).

Therefore, a motion to reopen or reinstate a bankruptcy case that has been dismissed is in reality a motion from relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Bankruptcy Rule 9024.  Id. at 140.  As

such, the motions to reopen the First Wassah Case, Second Wassah Case, First Matthews Case, and Second Matthews Case must be evaluated pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rules") made applicable in bankruptcy cases by Bankruptcy Rule 9024.  Rule 60 provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
>
> *   *   *
>
> A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (b), (c)(1).

The term "mistake" as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact.  IXL Ents. v. GE Capital Corp., No. Civ. A. 301CV2051CFD, 2005 WL 736820 at *2 (D. Conn. Mar. 31, 2005).  Excusable neglect is an "elastic concept," that considers all relevant circumstances, including prejudice to the non-movant, length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith.  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 392, 395 (1993); Williams v. N.Y.C. Dept. of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003).

Relief pursuant to Rule 60(b)(6) may only be granted under extraordinary or exceptional circumstances. Grace v. Bank Leumi Trust Co., 443 F.3d 180, 190 n. 8 (2d Cir. 2006); Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990), aff'd 501 U.S. 115 (1991). Furthermore, this subsection is properly invoked only when the "asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." In re Calpine Corp., 363 B.R. 709, 711 (Bankr. S.D.N.Y. 2007). Although a motion pursuant to Rule 60(b)(6) is not subject to a specific time limitation, it must be brought within a reasonable time. Fed. R. Civ. P. 60(c). The Second Circuit has held that a movant must show "highly convincing" evidence supporting the motion, good cause for failing to act sooner, and that granting the motion would not cause undue hardship on the other party. Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

1. Mr. Matthews

The First Matthews Case was dismissed on the Trustee's motion because Mr. Matthews did not file any of the documents required under § 521, did not file a chapter 13 plan, did not attend the § 341 meeting of creditors, did not provide the Trustee with copies tax returns or mandatory disclosure documentation as required by E.D.N.Y. Local Bankruptcy Rule 2003-1. Ms. Hedo, on Mr. Matthews behalf, seeks the vacatur of the First Matthews Case Dismissal Order, arguing that the required schedules and documents were not filed because there were discrepancies in the bills received from creditors, and Mr. Matthews could not file the schedules until the correct amount of his debt was calculated. This argument is unsupported by any evidence, and does not in any event provide grounds under Rule 60 to vacate the First Matthews Case Dismissal Order. It is not uncommon for debtors preparing their bankruptcy schedules to be unsure of the precise amounts owed to their creditors. This does not absolve them of their

responsibility to file schedules and other documents containing the information required by § 521(a)(1), and to do so within the statutory time frame. Uncertainty concerning the amounts owed can be dealt with, for example, by noting on the schedules of liabilities that the amounts sought by the creditors are disputed. In addition, upon reconciliation of the amounts owed, Mr. Matthews could have amended the schedules pursuant to Bankruptcy Rule 1009. Therefore, Mr. Matthews's motion to vacate the First Matthews Case Dismissal Order under Rule 60(b)(1) must be denied. Nor does the record does not reflect any extraordinary circumstances warranting relief under Rule 60(b)(6).

Moreover, vacatur of the First Matthews Case Dismissal Order would be futile because the time in which Mr. Matthews may file his schedules and required documents has expired.

Section 521(a) provides, in pertinent part:

> (a) The debtor shall--
>    (1) file--
>         (A) a list of creditors; and
>         (B) unless the court orders otherwise--
>                 (i) a schedule of assets and liabilities;
>                 (ii) a schedule of current income and current expenditures;
>                 (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate . . . of the debtor that such notice was received and read by the debtor;
>                 (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
>                 (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

11 U.S.C. § 521(a)(1).

Section 521(i)(1) provides that the information required by § 521(a)(1) shall be filed within 45 days of the filing of the petition, unless the debtor, within 45 days of filing the petition, requests an extension of time to file such information pursuant to § 521(i)(3). 11 U.S.C. § 521(i). Section 521(i)(3) authorizes the Court to extend a debtor's time to file the information required by § 521 for an additional 45 days upon request of the debtor filed within 45 days of the date of the filing of the petition. Therefore, with Court authorization, a debtor may file the requested information up to 90 days after the filing of the petition. Section 521(i)(1) provides that, "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1).

In the First Matthews Case, Mr. Matthews did not file any schedules until August 27, 2009, well after the 90th day after the commencement of the case. It should be noted that, as of the date of this decision, Mr. Matthews has not filed all of the required schedules and information, including schedules I and J. Therefore, even if the First Matthews Case Dismissal Order were vacated, the First Matthews Case would be automatically dismissed pursuant to § 521(i).

There is some authority holding that a court may, in extraordinary circumstances, excuse the filing of information required by §521(a)(1)(B) after the time for filing such information expires. See Wirum v. Warren (In re Warren), 568 F.3d 1113 (9th Cir. 2009); Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera), 557 F.3d 8 (1st Cir. 2009). In those cases, the debtors sought dismissal under § 521(i) in an attempt to prevent investigation into the debtor's financial situation and the circumstances surrounding the filing, see Warren, 568 F.3d at 1115, or in an attempt to defeat a trustee's motion to settle a lawsuit, see Acosta-Rivera, 557 F.3d at 10-11. Because § 521(a)(1)(B) does not expressly prohibit courts from excusing compliance with the filing provisions of § 521(a)(1)(B) (by "ordering otherwise") before the expiration of the 90 days after the commencement of a bankruptcy case, and in light of the purpose of the statute to prevent abuse of the bankruptcy process, the First and Ninth Circuits held that a court may waive compliance with § 521(a)(1)(B) after the expiration of the time to file the information.

In these cases, there is no justification to waive the requirement to comply with § 521(a)(1)(B). Mr. Matthews could have timely filed all the required information in the First Matthews Case, subject to a later amendment in the event he determined any of the information to be inaccurate. Furthermore, in Warren and Acosta-Rivera, the debtors sought to use their own noncompliance with § 521(a)(1)(B) to defeat action by the trustee for the benefit of creditors. No such facts are presented here. Rather, Mr. Matthews is seeking permission to proceed with a bankruptcy case where, more than one year after the case was commenced, the schedules are still incomplete. Mr. Matthews's noncompliance is compounded by the fact that he filed no fewer than three motions to reconsider at which he failed to appear. This is precisely the type of noncompliance Congress sought to address in enacting § 521(i). See Warren, 568 F.3d at 1118;

Acosta-Rivera, 557 F.3d at 13 ("The amendments to section 521 are part of an abuse-prevention package.").

Mr. Matthews also seeks vacatur of the Second Matthews Case Dismissal Order. That order was issued, and the case was automatically dismissed under § 521(i), because Mr. Matthews failed to file all of the information required by § 521(a)(1), even after the Court granted Mr. Matthews an extension of time in which to file it. Mr. Matthews's argument that he was attempting to calculate the debt owed does not provide any excuse for his failure to file other required information, such as schedules I and J, and for the reasons state above in connection with the First Matthews Dismissal Order, does not provide a basis under Rule 60(b)(1) to vacate the Second Matthews Case Dismissal Order. Furthermore, no extraordinary circumstances exist warranting relief under Rule 60(b)(6), nor is there any reason to waive the filing requirements set forth in § 521(a)(1)(B). Therefore, Mr. Matthews's motion to vacate the Second Matthews Case Dismissal Order must be denied.

2. Mr. Wassah

Mr. Wassah seeks vacatur of the First Wassah Case Dismissal Order, which was issued upon the motion of the Trustee because of Mr. Wassah's failure to file all of the information required by § 521(a)(1), among other things, including his failure to file a chapter 13 plan or to appear for a § 341 meeting. He also seeks vacatur of the Second Wassah Case Dismissal Order, which directed the dismissal of the Second Wassah Case pursuant to § 521(i).

In his various motions, Mr. Wassah argues that he needed time to calculate the correct amount of the debt before filing the schedules. However, this argument does not provide grounds to vacate the First Wassah Case Dismissal Order or the Second Wassah Case Dismissal

Order pursuant to Rule 60(b)(1) because Mr. Wassah, like Mr. Matthews, could have timely filed the information, subject to amendment once he determined the correct amount of his debts. He also could have filed all of the required information, and noted on the schedule of liabilities that he disputes some of the amounts sought by the creditors.  It should be noted that Mr. Wassah's time to file the required information in the Second Wassah Case was extended, but he nonetheless failed to do so.

Mr. Wassah also argues in his various motions that he was unable to attend the prior hearings in the First Wassah Case and in the Second Wassah Case due to conflicts with hearings in other courts, medical emergencies, or because he was delayed in District Court attempting to get copies of documents.  These arguments do not provide a basis to vacate the First Wassah Case Dismissal Order or the Second Wassah Case Dismissal Order under Rule 60(b)(1).  No reason is given why he could not have timely filed the information prior to the statutory deadlines.  Furthermore, no extraordinary circumstances exist to warrant relief under Rule 60(b)(6), nor is there any reason to waive the filing requirements of § 521(a)(1)(B).  Therefore, this Court denies Mr. Wassah's motions to vacate the First Wassah Case Dismissal Order and the Second Wassah Case Dismissal Order.

19

Conclusion

For the foregoing reasons, the motions of Mr. Wassah and Mr. Matthews for relief from the orders dismissing their respective bankruptcy cases is denied.  A separate order will issue.



**Dated: Brooklyn, New York**
**September 17, 2009**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**